# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | | |
|---|---|---|
| LORI OHLSON-TOWNSEND, | | No. 18-CV-4093-CJW-MAR |
| Plaintiff, | | |
| vs. | | **ORDER** |
| ALEC WOLF and CHEROKEE COUNTY, | | |
| Defendants. | | |

_____

## I.    *INTRODUCTION*

This matter is before the Court on the parties' motions in limine. (Docs. 33 & 34). On October 12, 2018, plaintiff filed a Petition at Law and Jury Demand in the Iowa District Court in and for Cherokee County against defendants.[1] (Doc. 3). On November 14, 2018, plaintiff filed an amended petition. (Doc. 4). On November 19, 2018, defendants removed the case to this Court. (Docs. 1 & 24-2, at 5). After partial summary judgment, plaintiff's only remaining claims against defendants are for false arrest under both Title 42, United States Code, Section 1983 and Article I, Section 8 of the Iowa Constitution. (Doc. 31, at 25-26).

For the following reasons, the Court **grants in part**, **denies in part**, and **holds in abeyance in part** the parties' motions.

---

[1] Several parties have been dismissed from this matter. On April 11, 2019, defendants Derek Scott and Aaron Schroeder were dismissed with prejudice at the request of all parties. (Doc. 16). On December 5, 2019, defendant Jerod Clyde and plaintiff Michael Townsend were dismissed as a result of the Court's Order on defendants' motion for summary judgment. (Docs. 31 & 32). Thus, these parties are omitted from the Court's Order here.

## II. ANALYSIS

### A. *Defendants' Motion in Limine*

#### 1. *Insurance*

Pursuant to Federal Rule of Evidence 411, defendants seek to exclude from trial evidence of any liability insurance afforded to defendants via the Iowa Community Insurance Pool. (Doc. 33-1, at 4). Plaintiff does not resist. (Doc. 35, at 1). Thus, defendants' motion is **granted** as to this issue.

#### 2. *Defendant Alec Wolf's Subsequent Resignation*

Defendants also seek to exclude from trial evidence related to the end of Alec Wolf's ("Wolf") employment with the Cherokee County Sheriff's department. (Doc. 33-1, at 4). In August of 2018, Cherokee County permitted Wolf to resign as deputy sheriff following Wolf's improper destruction of a dog. (*Id.*). As part of his resignation, Wolf "admitted under oath that he lied to his superiors[.]" (*Id.*). Plaintiff does not resist defendants' motion but does contend that evidence related to Wolf's resignation "is permissible for impeachment purposes and/or if [Wolf] offers testimony of his own character for truthfulness or offers testimony of his reliance on past training and/or his investigative and other law enforcement activities." (Doc. 35, at 1).

In relevant part, Federal Rule of Evidence 608 provides:

> **(a) Reputation or Opinion Evidence.** A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.
>
> **(b) Specific Instances of Conduct.** . . . [E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the

witness; or . . . another witness whose character the witness being cross-examined has testified about.

Advisory Committee Note (b)(2) states that inquiry into specific instances of conduct on cross-examination are subject to Federal Rule of Evidence 403, which allows a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Court has discretion here to allow plaintiff to inquire into Wolf's resignation on cross-examination of Wolf, should he testify. *See* FED. R. EVID. 608(b). Inquiry into these events would be directly probative of Wolf's character for truthfulness, particularly because they occurred less than a month after the conduct at issue here. Such probative value, however, must be balanced against the danger of unfair prejudice Wolf may suffer if these potentially emotionally upsetting and factually unrelated events are brought forth. *See* FED. R. EVID. 403. The Court notes that, in any case, plaintiff would not be permitted to introduce extrinsic evidence of Wolf's resignation. *See* FED. R. EVID. 608(b).

Given the discretionary nature of this issue, the Court finds it inappropriate to rule on the admissibility of Wolf's resignation for impeachment purposes ahead of trial. The Court does not know, at this time, whether Wolf intends to testify and, if he does, what the substance of his testimony will be. The Court is also unaware at this stage what other evidence may come to light about Wolf's character or training that would impact the Court's analysis here.

Thus, defendants' motion is **granted in part** and **held in abeyance in part** as to this issue. Defendants' motion is **granted** as to using evidence related to Wolf's resignation as substantive evidence but **held in abeyance** as to using such evidence for various impeachment purposes.

## B. Plaintiff's Motion in Limine

### 1.   Sequestering of Witnesses

Pursuant to Federal Rule of Evidence 615, plaintiff requests the Court sequester all non-party witnesses until the conclusion of their testimony. (Doc. 34, at 1). Defendants do not resist. (Doc. 36, at 1). The Court notes that this motion is unnecessary as the Trial Management Order already invoked Rule 615 sequestration. (Doc. 10, at 5).

Thus, plaintiff's motion is **granted** as to this issue. Witnesses shall be sequestered consistent with Rule 615.

### 2.   Michael Townsend's Prior Conviction

Pursuant to Federal Rules of Evidence 403, 608, and 609, plaintiff seeks to exclude from trial evidence of her husband Michael Townsend's ("Townsend") prior criminal conviction. (Doc. 34, at 1). Defendants resist, arguing that Townsend's conviction is admissible as impeachment evidence under Rule 608(b) and that it is relevant to any claim by plaintiff for reputational damages. (Doc. 36, at 1-2).

Rule 609, not Rule 608, applies to the admissibility of Townsend's conviction as impeachment evidence. Rule 609(a) allows a civil, non-defendant witness to be impeached by evidence of a criminal conviction if the crime either (1) was punishable by death or by imprisonment for more than one year in the convicting jurisdiction or (2) required the proving of a dishonest act or false statement. Further, the former must also satisfy Rule 403. FED. R. EVID. 609(a)(1)(A). Rule 609(b) applies a different test, however, if ten years have passed since the witness was either convicted or released from confinement, whichever is later. Such a conviction is admissible only if its probative value substantially outweighs its prejudicial effect and the proponent gives the adverse party written notice in advance. FED. R. EVID. 609(b).

At this time, the only information about Townsend's conviction that has been supplied to the Court is that the conviction was in Texas in 2006, there was some period

of confinement (Doc. 34, at 1), and the crime was some type of "felony drug conviction" (Doc. 36, at 1-2). Without further information, the Court cannot assess the admissibility of Townsend's conviction under Rule 609 or even determine which test to apply. This lack of information also prevents the Court from assessing the relevance of Townsend's conviction at this time.

Thus, plaintiff's motion is **held in abeyance** as to this issue. If defendants seek to admit Townsend's conviction at trial, the Court will consider both its relevance and whether the requirements of Rule 609 have been satisfied.

### 3. Alec Ohlson as a Witness

Plaintiff seeks to bar Alec Ohlson from testifying as a witness at trial. (Doc. 34, at 1-2). Defendants do not resist. (Doc. 36, at 2). Thus, plaintiff's motion is **granted** as to this issue.

### 4. Dylan Ohlson as a Witness

Plaintiff seeks to bar Dylan Ohlson from testifying as a witness at trial. (Doc. 34, at 2). Defendants do not resist. (Doc. 36, at 2). Thus, plaintiff's motion is **granted** as to this issue.

### 5. Prior Alleged Criminal Conduct of Plaintiff

Pursuant to Federal Rules of Evidence 403 and 404(b)(1), plaintiff seeks to exclude from trial evidence of any prior allegations, criminal complaints, or criminal charges relating to plaintiff's alleged harassment of Mary Leche, an alleged paramour of plaintiff's ex-husband. (Doc. 34, at 2-3). Defendants resist, arguing that such evidence is relevant to plaintiff's damages and is not more prejudicial than probative. (Doc. 36, at 2-3).[2] Defendants assert that plaintiff was arrested by the Cherokee Police Department

---

[2] The Court notes that there appears to be a page missing or some other textual error between pages two and three of defendants' resistance. (Doc. 36, at 2-3). The Court will consider the resistance as filed.

on August 5, 2011, and charged with harassment in the fifth degree, the same underlying charge at issue here. (*Id.*).

Rule 404(b)(1) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such evidence may, however, be admissible for another purpose. FED. R. EVID. 404(b)(2)(B). Here, defendants do not seek to admit plaintiff's prior arrest as propensity evidence, but instead to mitigate plaintiff's damages, presumably related to plaintiff's reputation. (Doc. 36, at 2-3). Plaintiff's prior arrest for the same crime would be relevant in assessing the extent of the damage to her reputation, if any, caused by defendants' actions here. *See* FED. R. EVID. 401. A jury could reasonably conclude that plaintiff suffered less reputational damage because she had already been arrested for harassment in the past. Mitigation of damages is a valid, alternative purpose that does not go to propensity. *See* FED. R. EVID. 404(b).

Rule 403, however, allows a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." At this time, all the information the Court knows is that plaintiff was reportedly arrested more than eight years ago for allegedly harassing her ex-husband's paramour. (Docs. 34, at 2-3; 36, at 2-3). Without more information, the Court cannot, at this time, assess whether admitting evidence of this arrest would be unfairly prejudicial to plaintiff or confusing to the jury.

Thus, plaintiff's motion is **denied in part** and **held in abeyance in part** as to this issue. Plaintiff's motion is **denied** as to her argument under Rule 404(b)(1) and **held in abeyance** as to her argument under Rule 403. Plaintiff may object at trial to the admission of such evidence. If admitted, the Court will, on plaintiff's timely request,

offer a limiting instruction to the jury to consider evidence of plaintiff's prior arrest only for the purpose of assessing plaintiff's reputational damages.  *See* FED. R. EVID. 105.

### 6. *Plea Negotiations*

Pursuant to Federal Rule of Evidence 410, plaintiff seeks to exclude from trial "evidence related to plea negotiations in the underlying harassment proceeding."  (Doc. 34, at 3).  Defendants resist, arguing that plaintiff's agreement to pay court costs and offer of a divorce modification are relevant evidence.  (Doc. 36, at 3).

In relevant part, Rule 410(a)(4) bars from both criminal and civil proceedings evidence of "a statement during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea[.]"  Such statements may, however, be admissible "in any proceeding in which another statement made during the same plea or plea discussions has been introduced, if in fairness the statements ought to be considered together[.]"  FED. R. EVID. 410(b)(1).

Here, if plaintiff offers evidence that the criminal charge against her was dismissed, the jury should also in fairness be told that the charge was dismissed on the condition that plaintiff agree to pay some minor court-related costs.  *See id.*  Although this condition is not ultimately relevant to plaintiff's claims here, its omission would mislead the jury as to the resolution of the underlying criminal charge against plaintiff.

Plaintiff's offer of a divorce modification, however, is wholly irrelevant.  This offer does not tend to make a fact of consequence more or less likely.  *See* FED. R. EVID. 401.  The only conclusion the jury could potentially draw from this evidence is that plaintiff was to some extent guilty of harassment whether Wolf knew that during the relevant period or not.  Even if plaintiff notes the ultimate resolution of the charge against her, fairness does not dictate that this offer that did not materialize be mentioned.  Rule 410 does in fact bar the admission of such evidence and no exception applies.

Thus, plaintiff's motion is **granted in part** and **denied in part** as to this issue. Plaintiff's motion is **granted** as to evidence relating to any offer by plaintiff of a divorce modification and **denied** as to plaintiff's agreement to pay court costs. This agreement, however, is only needed in fairness if plaintiff first offers evidence of the dismissal of the harassment charge against her.

### 7. *Text Messages*

Pursuant to Federal Rules of Evidence 401 and 403, plaintiff seeks to exclude from trial "evidence of any and all text message communications other than text messages" dated from July 25, 2018, through July 27, 2018. (Doc. 34, at 3). Plaintiff asserts that all other text messages are not relevant and prejudicial. (*Id.*). Defendants resist, arguing that Kent Ohlson's ("Kent") text to plaintiff on July 19, 2018, advising her to direct communications to his attorney, is relevant. The text reads "Lori, please do not contact me at all. If there is any business questions or concerns you have please contact my lawyer Dan Connell. Thank you. Kent."[3] (Doc. 24-3, at 19). Defendants assert that this text gave Wolf probable cause to believe that plaintiff's subsequent texts were intended to be harassing.[4] (Doc. 36, at 4-6). Defendants also assert that "any other text message prior to July 19th from Kent to [plaintiff] are relevant." (*Id.*, at 6).

Kent's July 19, 2018 text is relevant here. In his investigative notes from his conversation with Shannon Ohlson, Wolf recorded that Kent had told plaintiff that Kent did "not want to speak to her" and that plaintiff needed to "stop sending [him] text

---

[3] Both parties often quote Kent's July 19, 2018 text as including two typographical errors. *See, e.g.*, (Doc. 36, at 4). An actual screenshot of the text message, however, shows that the text does not contain these errors. (Doc. 24-3, at 19).

[4] Defendants also argue that Kent's July 19, 2018 text is relevant because it put plaintiff on notice that future communications directed to Kent could be harassing and because it bears upon "the prosecutor's frame of mind." (Doc. 36, at 5-6). Neither of these issues are relevant to plaintiff's claims here. Wolf's knowledge alone is relevant in assessing whether he reasonably believed probable cause was present to charge plaintiff with harassment.

messages[.]"   (Doc. 36-4, at 3).   Wolf then notes plaintiff's allegedly harassing text messages as occurring from July 25, 2018, through July 27, 2018.  (*Id.*).   Wolf's notes suggest that he read or at least discussed Kent's July 19, 2018 text with Shannon in order to conclude that plaintiff's texts sent after that date were harassing.   Wolf's knowledge of this text prior to filing the harassment charge at issue is relevant to whether he had probable cause to believe plaintiff had the intent to commit harassment by sending Kent texts after Kent's July 19, 2018 text directing plaintiff to communicate exclusively through his attorney.   The Court sees no reason under Rule 403 to exclude this evidence, which is directly relevant to the claims and defenses of the parties here.

As to the remaining texts, the Court does not have sufficient information to rule on their admissibility at this time.   Notably, defendants do not claim in their resistance that Wolf actually reviewed any text messages.   It is unclear to the Court whether Wolf is maintaining his position that he did in fact speak to Kent and received and reviewed various texts via his work email.   (Doc. 25-3, at 27, 43).   Even so, defendants fail to state why "any other" specific text messages from Kent to plaintiff prior to July 19, 2018, are relevant here.   Similarly, plaintiffs do not alert the Court of the substance of these other texts or what prejudicial content they contain.   Although some texts between Kent and plaintiff are contained in the record, the Court will not parse through them on behalf of the parties in the absence of specific objections here.

Thus, plaintiff's motion is **denied in part** and **held in abeyance in part** as to this issue.  Plaintiff's motion is **denied** as to Kent's July 19, 2018 text to plaintiff and **held in abeyance** as to any other texts between Kent and plaintiff.

## *III. CONCLUSION*

For these reasons, the Court **grants in part**, **denies in part**, and **holds in abeyance in part** the parties' motions.

1.  Defendants' motion in limine is:

    - **granted** as to evidence of liability insurance; and

    - **granted in part** as to defendant Alec Wolf's resignation as substantive evidence and **held in abeyance** as to its use for impeachment.

2.  Plaintiff's motion in limine is:

    - **granted** as to sequestering witnesses consistent with Federal Rule of Evidence 615;

    - **held in abeyance** as to Michael Townsend's prior criminal conviction;

    - **granted** as to Alec Ohlson testifying as a witness;

    - **granted** as to Dylan Ohlson testifying as a witness;

    - **denied in part** as to plaintiff's argument under Federal Rule of Evidence 404(b)(1) regarding her prior alleged criminal conduct and **held in abeyance** as to plaintiff's argument under Rule 403;

    - **granted in part** as to plaintiff's offer of a divorce modification but **denied in part** as to plaintiff's agreement to pay court costs; and

    - **denied in part** as to Kent Ohlson's July 19, 2018 text and **held in abeyance** as to all other texts between Kent Ohlson and plaintiff.

**IT IS SO ORDERED** this 31st day of December, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa