IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| LORI OHLSON-TOWNSEND,<br><br>Plaintiff(s)<br><br>Vs.<br><br>ALEX WOLF and CHEROKEE COUNTY,<br><br>Defendant(s) | Case No. 5:18-cv-4093-CJW-MAR<br><br>**PLAINTIFF'S TRIAL BRIEF** |

COMES NOW the Plaintiff, Lori Ohlson-Townsend, and submits her trial brief.

### STATEMENT OF FACTS

Plaintiff submits that the factual narrative in the Ruling on Motion for Summary Judgment sets out the relevant controverted facts sufficiently that no additional statement is necessary.

### BRIEF POINT I
### RENEWAL REGARDING MOTIONS IN LIMINE

Defendant's attorney recently suggests, without specific disclosure, that he will impeach Lori Ohlson with certain criminal charges, incarcerations, or other bad acts. The first of these is a charge of harassment under Cherokee City ordinance 40-02(1). This charge was brought in the summer of 2011. This charge was

ultimately dismissed. However, before dismissal, the charging document itself was sent to Lori. She was not arrested and the document notes accompanying so much as say so. This document involved a third person named Mary Letsche who was dating Kent Ohlson at the time Lori believed she and Kent were attempting a reconciliation. The charge was made then dismissed. The Court document does not reflect an arrest so there is no damage relevancy of damage from a prior arrest. (Ex. A)

Such acts are addressed in *Christian v. Wagner*, 009 WL 10703334 (S.D. Iowa 2009). In that case the District Court discussed the use of other bad acts in impeachment in civil matters.

Of particular importance is the Court's ruling on prior bad acts other than convictions. That issue could arise here as Defense counsel alleges to Plaintiff that there are other bad acts not amounting to convictions, that may be used. In *Christian*, supra, the Southern District stated that no such acts should be brought up without prior approval citing FRE 608. We request the same ruling. As an aside, there is another Lori Townsend quite familiar to Iowa Courts. She also is a former spouse of Kent Ohlson. Her courts online record is attached as Exhibit B to this brief. It would be unfortunate if some attempt were made to impeach Plaintiff Lori Ohlson over some "act" committed by the

other Lori Ohlson, which may result in a mistrial so Plaintiff renews her prior Motion in Limine.

### BRIEF PONT II
### DAMAGES UNDER IOWA CONSTITUTIONAL CLAIMS

As an exercise of candor, Plaintiff advises the Court and counsel that she may withdraw her claim under the Iowa Constitution. Plaintiff will address this matter with finality at the Pretrial Conference.

### BRIEF POINT III
### ATTORNEY FEES AND COSTS

These are a posttrial matter and require a favorable verdict for plaintiff. Consequently, they will be reserved to a later date.

WHEREFORE Plaintiff presents her Pretrial Brief.

Respectfully submitted,

HAMILTON LAW FIRM, P.C.
P.O. BOX 188
606 ONTARIO STREET
STORM LAKE, IOWA 50588
(712) 732-2842
(712) 732-6202 (FAX)

BY: _____
STEVE HAMILTON, AT0003128
MOLLY M. HAMILTON, AT0013636
steve@hamiltonlawfirmpc.com
molly@hamiltonlawfirmpc.com
ATTORNEYS FOR PLAINTIFF

Original Filed.

Copy To:

Mr. Brett C. Redenbaugh
Attorney at Law
111 West Sixth Street
P.O. Box 1284
Storm Lake, Iowa 50588-1284
brett@redenlaw.com
ATTORNEY FOR DEFENDANTS

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on 12-31, 2019.

By: ☐ U.S. Mail ☐ FAX ☐ Overnight Courier
☐ Hand Delivered ☐ Certified Mail ☐ Other: _____
☒ E-Mail ☒ ECF/EDMS System

Signature: *Emily C. Maurer*